**FENNEMORE CRAIG, P.C.**
Leslie Bryan Hart (No. 4932)
7800 Rancharrah Parkway
Reno, Nevada 89511
Telephone: (775) 788-2200
Email: lhart@fennemorelaw.com

Anthony W. Austin (No. 10850)
2394 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
Telephone: (602) 916-5000
Email: aaustin@fennemorelaw.com

*Attorneys for Creditors Alliance Trust Company*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>GREGORY E CRAWFORD & TORREY CRAWFORD,<br><br>Debtors. | Chapter: 7<br><br>No. BK-25-50104-HLB<br><br>(Honorable Hilary L. Barnes) |
| BRADLEY G. SIMS, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br>JOUKO SIPILA, an individual; ADAM HOPPE, an individual; CRAWFORD TRUST COMPANY, LLC, a Nevada limited liability company; GREGORY E. CRAWFORD; an individual; TORREY CRAWFORD; an individual; ALLIANCE TRUST COMPANY, LLC, a Nevada limited liability company; DENIS DAMIENS, JR. ; an individual; LOUIS ROBINSON; an individual; DOE Individuals 1-10; and ROE corporation 1-10,<br>Defendants | Adv. No. 25-05029<br><br>**ALLIANCE TRUST COMPANY'S ANSWER TO COMPLAINT** |

For its answer to the Complaint filed by Plaintiff Bradley G. Sims, Chapter 7 Trustee, Defendant Alliance Trust Company ("Alliance") responds as follows:

**I.    JURISDICTIONAL ALLEGATIONS**

1.  Alliance admits the allegations set forth in Paragraph 1.

2. Alliance admits the allegations set forth in Paragraph 2.

3. Alliance admits the allegations set forth in Paragraph 3.

4. Alliance admits the allegations set forth in Paragraph 4.

## II.    PARTIES

5. Alliance incorporates all previous responses as if fully set forth herein.

6. Alliance admits the allegations set forth in Paragraph 6.

7. Alliance lacks sufficient information to respond to the allegations set forth in Paragraph 7 and therefore denies the same.

8. Alliance lacks sufficient information to respond to the allegations set forth in Paragraph 8 and therefore denies the same.

9. Alliance admits the allegations set forth in Paragraph 9.

10. Alliance lacks sufficient information to respond to the allegations set forth in Paragraph 10 and therefore denies the same.

11. Alliance lacks sufficient information to respond to the allegations set forth in Paragraph 11 and therefore denies the same.

12. Alliance admits the allegations set forth in Paragraph 12.

13. Alliance denies the allegations set forth in Paragraph 13.

14. Alliance admits the allegations set forth in Paragraph 14.

15. Paragraph 15 contains no factual allegations and therefore no response is required. To the extent any response is required, Alliance denies the allegations in Paragraph 15.

**III.    GENERAL ALLEGATIONSCOMMON TO ALL CLAIMS FOR RELIEF**

16. Alliance incorporates all previous responses as if fully set forth herein.

17. Alliance admits the allegations set forth in Paragraph 17.

18. Alliance admits the allegations set forth in Paragraph 18.

19. Alliance admits that the Arbitrator awarded damages, including punitive damages, and permanent injunctive relief as reflected in the Award, but not necessarily in the Oral Ruling as alleged in Paragraph 19.

20. While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 20. Further, such allegations are not directed at Alliance and therefore no response is required.

21. While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 21. Further, such allegations are not directed at Alliance and therefore no response is required.

22. Alliance admits the allegations set forth in Paragraph 22.

23. While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 23. Further, such allegations are not directed at Alliance and therefore no response is required.

24. While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 24. Further, such allegations are not directed at Alliance and therefore no response is required.

25. While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 25. Further, such allegations are not directed at Alliance and therefore no response is required.

26. While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 26. Further, such allegations are not directed at Alliance and therefore no response is required.

27. While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 27. Further, such allegations are not directed at Alliance and therefore no response is required.

28. While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 28. Further, such allegations are not directed at Alliance and therefore no response is required.

29. While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 29. Further, such allegations are not directed at Alliance and therefore no response is required.

30. While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 30. Further, such allegations are not directed at Alliance and therefore no response is required.

31. While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 31. Further, such allegations are not directed at Alliance and therefore no response is required.

32. While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 32. Further, such allegations are not directed at Alliance and therefore no response is required.

33. Alliance admits the allegations set forth in Paragraph 33.

34. While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 34. Further, such allegations are not directed at Alliance and therefore no response is required.

35. The allegations set forth in Paragraph 35 contain conclusions of law, and the allegations are not directed at Alliance, therefore no response is required.

36. While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 36. Further, such allegations are not directed at Alliance and therefore no response is required.

37. While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 37. Further, such allegations are not directed at Alliance and therefore no response is required.

38. While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 38. Further, such allegations are not directed at Alliance and therefore no response is required.

39. While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 39. Further, such allegations are not directed at Alliance and therefore no response is required.

1   40.   While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 40. Further, such allegations are not directed at Alliance and therefore no response is required.

    41.   While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 41. Further, such allegations are not directed at Alliance and therefore no response is required.

    42.   While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 42. Further, such allegations are not directed at Alliance and therefore no response is required.

    43.   While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 43. Further, such allegations are not directed at Alliance and therefore no response is required.

    44.   While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 44. Further, such allegations are not directed at Alliance and therefore no response is required.

    45.   While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 45. Further, such allegations are not directed at Alliance and therefore no response is required.

    46.   While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 46. Further, such allegations are not directed at Alliance and therefore no response is required.

    47.   While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 47. Further, such allegations are not directed at Alliance and therefore no response is required.

    48.   While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 48. Further, such allegations are not directed at Alliance and therefore no response is required.

    49.   Alliance admits the allegations set forth in Paragraph 49.

50. Alliance admits the allegations set forth in Paragraph 50.

51. Alliance admits the Arbitrator awarded in excess of the amount stated in Paragraph 51.

52. Alliance admits the allegations set forth in Paragraph 52.

53. Alliance admits the allegations set forth in Paragraph 53.

54. Alliance admits the allegations set forth in Paragraph 54.

55. Alliance admits the allegations set forth in Paragraph 55.

56. Alliance admits the allegations set forth in Paragraph 56.

57. Alliance admits the allegations set forth in Paragraph 57.

58. Alliance admits the allegations set forth in Paragraph 58.

59. Alliance admits the allegations set forth in Paragraph 59.

60. Alliance admits the allegations set forth in Paragraph 60.

61. While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 61. Further, such allegations are not directed at Alliance and therefore no response is required.

62. While Alliance agrees with the Trustee's allegations, Alliance lacks sufficient information at this time to respond to the allegations set forth in Paragraph 62. Further, such allegations are not directed at Alliance and therefore no response is required.

### IV.   FIRST CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. 544(b) and NRS Chapter 112 Against Hoppe and Sipila)**

63-85. The allegations of the First Claim for Relief and Paragraphs 63 through 85 are not directed at Alliance, and therefore no response from Alliance is required.

## V.   SECOND CLAIM FOR RELIEF

### (Avoidance of Fraudulent Transfer
### Pursuant to 11 U.S.C. 548 Against Hoppe and Sipila)

86-106.    The allegations of the Second Claim for Relief and Paragraphs 86 through 106 are not directed at Alliance, and therefore no response from Alliance is required.

## VI.   THIRD CLAIM FOR RELIEF
### (Recovery of Fraudulent Transfers
### Pursuant to 11 U.S.C. 550 Against Hoppe and Sipila)

107- 114.    The allegations of the Third Claim for Relief and Paragraphs 107 through 114 are not directed at Alliance, and therefore no response from Alliance is required.

## VII.   FOURTH CLAIM FOR RELIEF

### (Charging Order Against Debtors' Membership Interest in CTC Pursuant to 11 U.S.C. 544(a)(1) and N.R.S. 86.401 Against CTC and Debtors)

115-122.    The allegations of the Fourth Claim for Relief and Paragraphs 115 through 122 are not directed at Alliance, and therefore no response from Alliance is required.

## VIII.   FIFTH CLAIM FOR RELIEF

### (Accounting Against CTC, Hoppe, and Sipila)

123-129.    The allegations of the Fifth Claim for Relief and Paragraphs 123 through 129 are not directed at Alliance, and therefore no response from Alliance is required.

## IX.   SIXTH CLAIM FOR RELIEF

### (Declaratory Judgment Against Alliance, Damien, Robinson)

130.    Alliance incorporates all previous responses as if fully set forth herein.

131.    Alliance denies the allegations set forth in Paragraph 131.

FENNEMORE CRAIG, P.C.
ATTORNEYS AT LAW

- 7 -

61125785.1/064376.0012

132. Alliance denies that the Alliance Parties (as that term is defined in the Complaint) initiated the litigation described in Paragraph 132, but admits the remaining allegations set forth in Paragraph 132.

133. Alliance denies that the Alliance Parties (as that term is defined in the Complaint) initiated the litigation described in Paragraph 133, but admits the remaining allegations set forth in Paragraph 133.

134. Alliance denies that the Alliance Parties (as that term is defined in the Complaint) took the action alleged, but admits the remaining allegations set forth in Paragraph 134.

135. The allegations of Paragraph 135 contain a legal conclusion to which no response is required.

136. The allegations of Paragraph 136 contain a legal conclusion to which no response is required.

137. The allegations of Paragraph 137 contain a legal conclusion to which no response is required.

138. The allegations of Paragraph 138 contain a legal conclusion to which no response is required. .

139. The allegations of Paragraph 139 contain a legal conclusion to which no response is required.

140. Alliance denies that the Alliance Parties (as that term is defined in the Complaint) took the action alleged but admits the remaining allegations set forth in Paragraph 140.

141. Alliance denies the allegations set forth in Paragraph 141.

142. Alliance denies the allegations set forth in Paragraph 142.

143. Alliance denies the allegations set forth in Paragraph 143.

144. Alliance denies the allegations set forth in Paragraph 144.

145. Alliance denies the allegations set forth in Paragraph 145.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Trustee has failed to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Alliance reserves the right to assert all affirmative defenses set forth in Federal Rul of Bankruptcy Procedure 7008 and, as made applicable, Federal Rule of Civil Procedure 8.

**PRAYER FOR RELIEF.**

A. Dismissing the Trustee's claims against Alliance with prejudice.

B. To the extent recoverable, awarding Alliance its fees and costs in defending this action.

C. Any and all relief the Court deems necessary and just.

DATED: November 6, 2025

FENNEMORE CRAIG, P.C.

By: */s/ Anthony W. Austin*
Leslie Bryan Hart
Anthony W. Austin
*Attorneys for Creditors Alliance Trust Company*

**CERTIFICATE OF SERVICE**

I certify that on November 6, 2025, a true and correct copy of the *Alliance Trust Company's Answer to Complaint*, was transmitted electronically through the Court's e-filing electronic notice system to the parties associated with this case.

*/s/ Gidget Kelsey*
An employee of Fennemore Craig, P.C.

61125785.1/064376.0012